# EXHIBIT C

# Lance Olitt

**From:** Lance Olitt
**Sent:** Friday, December 17, 2021 10:34 AM
**To:** Catherine Anderson; Amy Robinson
**Cc:** Mark Kluger; Meghan Brophy
**Subject:** RE: Jessica Bristol v. Securitas Security Services USA, Inc. / SDNY Case No. 1:21-cv-10636

Catherine,

Notwithstanding that this case was filed in bad faith violation of the agreement to arbitrate, we will agree to accept service and not require that you serve process. Per the FRCP, in accepting service, our client retains all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action.

With regard to your statement that it is not clear whether the DRA is enforceable on its face, we note that you have still offered no explanation of the factual and/or legal basis for your reaching that conclusion. We can only conclude that you are unable to offer any such explanation and that your position on this is not based on any actual assessment of the law, but rather merely based on the fact that you and your client do not want to have her claims arbitrated.

Please email me the form Rule 4 waiver at your convenience.

Thank you,

**LANCE N. OLITT, ESQ.**
Admitted in NJ & NY

**KLUGER HEALEY, LLC**
165 Passaic Avenue, Suite 306
Fairfield, New Jersey 07004
P: (973) 307-0800
F: (888) 635-1653
lolitt@klugerhealey.com
www.klugerhealey.com



This email contains information that may be privileged or confidential. If you are not the intended recipient, please notify us by immediate reply email and delete the email. Thank you.

---

**From:** Catherine Anderson <canderson@gslawny.com>
**Sent:** Tuesday, December 14, 2021 3:38 PM
**To:** Lance Olitt <lolitt@klugerhealey.com>; Amy Robinson <arobinson@gslawny.com>
**Cc:** Mark Kluger <mkluger@klugerhealey.com>; Meghan Brophy <mbrophy@gslawny.com>
**Subject:** RE: Jessica Bristol v. Securitas Security Services USA, Inc. / SDNY Case No. 1:21-cv-10636

Thanks, Lance. It is not clear whether the agreement is enforceable on its face, regardless of the types of claims alleged against Securitas. Again, if you have case law in New York compelling arbitration pursuant to the identical DRA, please forward.

1

On a separate topic, will you agree to accept service of the complaint on behalf of Securitas and if so, would you like me to prepare the Rule 4 waiver?

Yours truly,
Catherine

Catherine E. Anderson, Esq.
Giskan Solotaroff & Anderson LLP
90 Broad Street, 10th Floor
New York, New York 10004
(212) 847-8315 x 12

---

**From:** Lance Olitt <lolitt@klugerhealey.com>
**Sent:** Tuesday, December 14, 2021 1:50 PM
**To:** Catherine Anderson <canderson@gslawny.com>; Amy Robinson <arobinson@gslawny.com>
**Cc:** Mark Kluger <mkluger@klugerhealey.com>
**Subject:** RE: Jessica Bristol v. Securitas Security Services USA, Inc. / SDNY Case No. 1:21-cv-10636

Catherine,

Thank you for getting back to us. We presume you have had experience with other Federal and NY matters involving the enforceability of arbitration agreements, including in the context of employment discrimination claims, and that you agree that this particular DRA is not novel.

You state that it is not clear to you that the DRA is enforceable under New York law. We understand that to reflect that you agree that the DRA, on its face, covers the type of claims filed by your client, but that you believe, for some other factual and/or legal reasons, that it is unclear whether your client is required to arbitrate those claims. If you would kindly explain whether you question enforceability based on issues of <u>fact</u> outside of the "four corners" of the DRA and Acknowledgment, perhaps we might be able address that with you, outside of motion practice. If you are rather questioning whether NY and/or Federal law generally prohibits enforcement of an employee's agreement to arbitrate these types of claims, that is a different issue to be resolved.

Absent some good faith explanation as to why you believe your client may not be required to arbitrate these claims, we are left to guess why you reach that conclusion, and we obviously cannot address this with you based on such guessing.

Thank you,
Lance

**LANCE N. OLITT, ESQ.**
Admitted in NJ & NY

**KLUGER HEALEY, LLC**
165 Passaic Avenue, Suite 306
Fairfield, New Jersey 07004
P: (973) 307-0800
F: (888) 635-1653
lolitt@klugerhealey.com
www.klugerhealey.com

2



This email contains information that may be privileged or confidential. If you are not the intended recipient, please notify us by immediate reply email and delete the email. Thank you.

**From:** Catherine Anderson <canderson@gslawny.com>
**Sent:** Tuesday, December 14, 2021 12:10 PM
**To:** Lance Olitt <lolitt@klugerhealey.com>; Amy Robinson <arobinson@gslawny.com>
**Cc:** Mark Kluger <mkluger@klugerhealey.com>
**Subject:** RE: Jessica Bristol v. Securitas Security Services USA, Inc. / SDNY Case No. 1:21-cv-10636

Dear Mr. Olitt,

Thank you for your correspondence. Please note that I will be handling this matter while Ms. Robinson is on maternity leave. It is not clear that the DRA is enforceable under New York law. Thus, full briefing and a decision from the court are appropriate and do not warrant sanctions and costs. If you have case law compelling arbitration in New York of the identical DRA, please forward for our consideration.

Yours truly,
Catherine

Catherine E. Anderson, Esq.
Giskan Solotaroff & Anderson LLP
90 Broad Street, 10th Floor
New York, New York 10004
(212) 847-8315 x 12

**From:** Lance Olitt <lolitt@klugerhealey.com>
**Sent:** Tuesday, December 14, 2021 10:38 AM
**To:** Amy Robinson <arobinson@gslawny.com>
**Cc:** Catherine Anderson <canderson@gslawny.com>; Mark Kluger <mkluger@klugerhealey.com>
**Subject:** Jessica Bristol v. Securitas Security Services USA, Inc. / SDNY Case No. 1:21-cv-10636

Please see attached letter.

Very truly yours,

**LANCE N. OLITT, ESQ.**
Admitted in NJ & NY

**KLUGER HEALEY, LLC**
165 Passaic Avenue, Suite 306
Fairfield, New Jersey 07004
P: (973) 307-0800
F: (888) 635-1653
lolitt@klugerhealey.com
www.klugerhealey.com



This email contains information that may be privileged or confidential. If you are not the intended recipient, please notify us by immediate reply email and delete the email. Thank you.