**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>

  **Jessica Bristol,**

                      **Plaintiff,**

    **v.**

  **Securitas Security Services USA, Inc.,**

                      **Defendant.**

</td><td>

No. 1:21-cv-10636 (AJN)(GWG)

</td></tr>
</table>

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANT SECURITAS SECURITY SERVICES USA, INC.'S**
**MOTION TO COMPEL ARBITRATION**

**GISKAN SOLOTAROFF & ANDERSON LLP**
Catherine Anderson
90 Broad Street, 2nd Floor
New York NY 10004
Telephone: (646) 964-9641
canderson@gslawny.com

*ATTORNEYS FOR PLAINTIFF*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ....................................................................................................... ii

I.      INTRODUCTION ........................................................................................................ 1

II.     STATEMENT OF FACTS ........................................................................................... 1

III.    ARGUMENT ............................................................................................................... 3

        A.  The Applicable Legal Standard ...................................................................... 3

        B.  The DRA Fails For Lack of Definiteness ....................................................... 3

        C.  Plaintiff Did Not Knowingly and Voluntarily Waive Her Right To A Jury
            Trial ................................................................................................................. 7

            1.  Standards Governing The Seventh Amendment Right to a Jury Trial ....... 7

            2.  Each Factor Weighs In Favor Of Finding Plaintiff Did Not Knowingly and
                Intentionally Relinquish Her Right To A Trial By Jury ............................ 8

        D.  The Order Compelling Arbitration In *Daniels v. Securitas* Has Been Vacated
            ....................................................................................................................... 11

IV.     CONCLUSION .......................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*166 Mamaroneck Ave. Corp. v. 151 E. Post Rd. Corp.*,
   78 N.Y.2d 88 (N.Y. 1991).........................................................................4

*Adjustrite Sys., Inc., v. GAB Bus. Servs.*,
   145 F.3d 543 (2d Cir. 1998). ....................................................................7

*Allied Irish Banks, p.l.c. v. Bank of Am., N.A.*,
   875 F. Supp. 2d 352 (S.D.N.Y. 2012). .....................................................8

*Alter v. Bogoricin*,
   1997 U.S. Dist. LEXIS 17369 (S.D.N.Y. Nov. 6, 1997) ..........................5

*Arcadian Phosphates, Inc. v Arcadian Corp.*,
   884 F.2d 69 (2d Cir. 1989).......................................................................7

*Brookhaven Nous. Coat v. Solomon*,
   583 F.2d 584 (2d Cir. 1978).....................................................................4

*Candid Prods., Inc. v. Int I Skating Union*,
   530 F. Supp. 1330 (S.D.N.Y. 1982).........................................................4

*Cleveland Wrecking Co. v. Hercules Constr. Corp.*,
   23 F. Supp. 2d 287 (E.D.N.Y. 1998)........................................................4

*Daniels v. Securitas Sec. Servs. USA, Inc.*,
   2019 U.S. Dist LEXIS 169670 (C.D.C.A. April 5, 2019)........................11

*Daniels v. Securitas Sec. Servs.*,
   2021 U.S. Dist, LEXIS 109388 (C.D.C.A. May 27, 2021)…………………12

*Dynamic Int'l Airways, LLC v. Air India Ltd.*,
   2016 U.S. Dist. LEXIS 89161 (S.D.N.Y. July 8, 2016)............................6

*Express Indus. & Terminal Corp. v. N.Y. State Dep't of Transp.*,
   93 N.Y.2d 584 (1999) ..............................................................................4

*Ferro v. Allied Interstate, LLC*,
   2019 U.S. Dist. LEXIS 114499 (E.D.N.Y. July 10, 2019) .......................3

*Fiveco, Inc. v. Haber*,
   11 N.Y.3d 140 (2008) ........................................................................................... 3

*Glanzer v. Keilin & Bloom LLC*,
   281 A.D.2d 371 (N.Y. App. Div. 2001)................................................................. 5

*John Street Leasehold LLC v. F.D.I.C.*,
   1998 U.S. Dist. LEXIS 11041 (S.D.N.Y. July 22, 1998).................................... 4

*Joseph Martin, Jr. Delicatessen, Inc. v. Schumacher*,
   52 N.Y.2d 105 (N.Y. 1981).............................................................................. 5, 6

*Lehman Bros. Holdings Inc. v. Bethany Holdings Grp., LLC*,
   801 F. Supp. 2d 224 (S.D.N.Y. 2011).................................................................. 8

*Manigault v. Macy's East*, LLC,
   318 Fed. App'x 6 (2d Cir. 2009) .......................................................................... 3

*May Metro. Corp. v. May Oil Burner Corp.*,
   290 N.Y. 260 (1943) ............................................................................................ 6

*Mellen & Jayne, Inc. v. AIM Promotions, Inc.*,
   33 A.D.3d 676 (N.Y. App. Div. 2006).................................................................. 4

*Merrill Lynch & Co. v. Allegheny Energy, Inc.*,
   500 F.3d 171 (2d Cir. 2007)................................................................................. 7

*Morgan Guar. Trust Co. of N.Y. v. Crane*,
   36 F. Supp. 2d 602 (S.D.N.Y. 1999).................................................................... 8

*National Equip., Rental, Ltd. v. Hendrix*,
   565 F.2d 255 (2d Cir. 1977)................................................................................. 8

*Nat'l Equip. Rental, Ltd. v. Hendrix*,
   565 F.2d 255 (2d Cir. 1977)............................................................................... 10

*Oilex A.G. v. Mitsui & Co. (U.S.A.)*,
   669 F. Supp. 85 (S.D.N.Y. 1987)………………………………………………..7

*Price v. Cushman & Wakefield, Inc.*,
   808 F. Supp. 2d 670 (S.D.N.Y. 2011).................................................................. 8

*Rosenbaum v. Premier Sydell, Ltd.*,
   240 A.D.2d 556 (N.Y. App. Div. 1997)............................................................... 5

*RREF RB-AL SLDL, LLC v. Saxon Land Dev., LLC*,
  2012 U.S. Dist. LEXIS 54701 (M.D. Ala. Apr. 19, 2012).......................................................... 10

*Sherrod v. Time Warner Cable, Inc.*,
  2014 U.S. Dist. LEXIS 163393 (S.D.N.Y. Nov. 21, 2014) .................................................. 9, 10

*Sullivan v. Ajax Navigation Corp.*,
  881 F. Supp. 906 (S.D.N.Y. 1995) ........................................................................................... 8

*Time, Inc. v. Kastner*,
  972 F. Supp. 236 (S.D.N.Y. 1997) ........................................................................................... 5

*Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*,
  487 F.3d 89 (2d Cir. 2007) ................................................................................................... 4, 6

*Urban Outfitters, Inc. v. 166 Enter. Corp.*,
  136 F. Supp. 2d 273 (S.D.N.Y. 2001). ..................................................................................... 8

*Volt Info. Scis., Inc. v. Bd. of Trustees of the Leland Stanford Junior Univ.*,
  489 U.S. 468 (1989) ................................................................................................................. 3

## Statutes

28 U.S.C. §1927 .......................................................................................................................... 12

Americans with Disabilities Act of 1990 ....................................................................................... 1

New York City Human Rights Law ................................................................................................ 1

New York State Human Rights Law ............................................................................................... 1

Title VII of the Civil Rights Act of 1964 ....................................................................................... 1

## I.  **INTRODUCTION**

Plaintiff Jessica Bristol ("Plaintiff") respectfully submits this memorandum of law in opposition to the motion of Defendant Securitas Security Services USA, Inc. ("Defendant" or "Securitas") to compel arbitration and stay Plaintiff's action.  Defendant's motion to compel arbitration must be denied.  First, the Dispute Resolution Agreement ("DRA") is too indefinite with respect to material terms critical to any arbitration to be enforced under New York contract law.  Indeed, prior to this motion being filed, Plaintiff's counsel twice requested that Defendant provide her with any decision from a New York court which has compelled arbitration pursuant to the DRA, but Defendant was unable to do so.  See Olitt Declaration, Exhibit C, pages 1, 4. [ECF No. 9-4].  Second, on the present record, Defendant cannot show Plaintiff knowingly and voluntarily waived her Seventh Amendment right to a jury trial.

For the reasons set forth herein, Defendant's motion to compel arbitration must be denied in its entirety.

## II.  **STATEMENT OF FACTS**

On December 13, 2021, Plaintiff timely filed this action against Securitas for disability and pregnancy discrimination in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"), following receipt of the EEOC Notice of Right to Sue on October 1, 2021.

For the past five and a half years, Plaintiff has worked as a Security Guard for Securitas. Complaint, ¶ 2.  In September 2019, after being diagnosed with a high-risk pregnancy and undergoing a surgical procedure, Plaintiff provided a doctor's note to Securitas requesting a medical accommodation.  *Id*.  The doctor's note stated: **"Due to complications in pregnancy, it**

1

**is medically necessary that the patient be on restrictive desk duty and avoid standing at work as of 09/25/2019 and throughout the rest of her pregnancy."** *Id.*

In order to accommodate Ms. Bristol and comply with the law, Securitas simply needed to provide her with a chair or stool, an inexpensive, non-burdensome, and readily available solution. Complaint, ¶ 3. Upon receiving this accommodation request, Securitas should have immediately jumped into action to find an appropriate, medically compliant sitting post for Ms. Bristol. *Id.*, ¶ 4. Such posts were available to other Security Guards employed by Securitas. *Id.*

Instead, Securitas callously refused to comply with laws that require employers to provide medical accommodations for disabled employees. Complaint, ¶ 5. Plaintiff remained at her standing post from September 26, 2019, until November 7, 2019. *Id.,* at ¶ 6. Tragically, by the time Securitas finally provided a sitting post some 42 days later, the damage was already done: On November 10, 2019, at just 27 weeks pregnant and still in the second trimester of her high-risk pregnancy, Plaintiff went into preterm labor. *Id.*, ¶ 7. This was exactly what her obstetrician had been trying to avoid by providing a doctor's note stating that was medically necessary for Plaintiff to be on restrictive desk duty and to keep off her feet. *Id.*

Plaintiff's baby was born with serious medical issues which have required constant hospitalization, including a 10 month stay in the Neonatal Intensive Care Unit, and likely will require specialized care for years to come. Complaint, ¶ 8. As a result of Securitas's blatant disregard for Ms. Bristol's request for a reasonable accommodation, Ms. Bristol has suffered unimaginable and immeasurable harm, including economic, physical, and psychological damages. *Id.*, ¶ 9.

## III.   __ARGUMENT__

Defendant moves to compel arbitration of Plaintiff's claims and stay the proceeding. Because Defendant cannot meet its burden of showing (1) that the Dispute Resolution Agreement (the "DRA") is sufficiently definite with respect to all material terms, and (2) that Plaintiff knowingly and willingly waived her Seventh Amendment right to a jury trial, Defendant's motion to compel arbitration must be denied.

### A.   __The Applicable Legal Standard__

Although the Federal Arbitration Act requires enforcement of an employee's agreement to arbitrate, the statute "does not require parties to arbitrate when they have not agreed to do so." *Volt Info. Scis., Inc. v. Bd. of Trustees of the Leland Stanford Junior Univ*., 489 U.S. 468, 478 (1989). The party seeking to compel arbitration bears the burden of showing that the arbitration agreement exists. *Ferro v. Allied Interstate, LLC*, 2019 U.S. Dist. LEXIS 114499, at *6 (E.D.N.Y. July 10, 2019). Under New York law, a party seeking arbitration must establish a "clear, explicit and unequivocal agreement to arbitrate." *Manigault v. Macy's East*, LLC, 318 Fed. App'x 6, 7-8 (2d Cir. 2009) (summary order) (quoting *Fiveco, Inc. v. Haber*, 11 N.Y.3d 140, 144 (2008)). In determining whether to grant a motion to compel, the standard is "similar to that applicable for a motion for summary judgment." *Ferro*, 2019 U.S. Dist. LEXIS 114499 at *5. The court considers "all relevant, admissible evidence submitted by the parties" and draws "all reasonable inferences in favor of the non-moving party." *Id.* If there is an issue of fact concerning the existence of an agreement to arbitrate, a trial is necessary. *Id.*

### B.   __The DRA Fails For Lack Of Definiteness__

"To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms."

3

*Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 95 (2d Cir. 2007)

(quoting *Express Indus. & Terminal Corp. v. N.Y. State Dep't of Transp.,* 93 N.Y.2d 584, 589,

715 N.E.2d 1050, 693 N.Y.S.2d 857 (1999)) (internal quotation marks omitted).

      In New York, a contract must be sufficiently definite to be enforceable. "The doctrine of

definiteness or certainty is well established in contract law. In short, it means that a court cannot

enforce a contract unless it is able to determine what in fact the parties have agreed to . . . . [I]f

an agreement is not reasonably certain in its material terms, there can be no legally enforceable

contract." *166 Mamaroneck Ave. Corp. v. 151 E. Post Rd. Corp*., 78 N.Y.2d 88, 91, 575 N.E.2d

104, 571 N.Y.S.2d 686 (N.Y. 1991) (internal quotation marks and citations omitted); *see*

*also Mellen & Jayne, Inc. v. AIM Promotions, Inc*., 33 A.D.3d 676, 823 N.Y.S.2d 99, 99 (N.Y.

App. Div. 2006).  As "[i]t is not the parties' subjective intent that is determinative," *Cleveland*

*Wrecking Co. v. Hercules Constr. Corp.*., 23 F. Supp. 2d 287, 292 (E.D.N.Y. 1998), "'[e]ven if

the parties believe that they are bound, if the terms of the agreement are so vague and indefinite

that there is no basis or standard for deciding whether the agreement had been kept or broken, or

to fashion a remedy, and no means by which such terms may be made certain, then there is no

enforceable contract.'" *John Street Leasehold LLC v. F.D.I.C*., 95 Civ. 10174 (JGK), 1998 U.S.

Dist. LEXIS 11041, 1998 WL 411328, at *3 (S.D.N.Y. July 22, 1998), *aff'd*, 196 F.3d 379 (2d

Cir. 1999) (quoting *Candid Prods., Inc. v. Int'l Skating Union*, 530 F. Supp. 1330, 1333

(S.D.N.Y. 1982) (Weinfeld, J.)).  Thus, where the "essential terms of an agreement are omitted

or are phrased in too indefinite a manner, no legally enforceable contract will result."

*Brookhaven Nous. Coat v. Solomon*, 583 F.2d 584, 593 (2d Cir. 1978).

      New York courts consistently have found contracts to be insufficiently definite and

unenforceable when material terms are missing or vague.  *See, e.g., Time, Inc. v. Kastner*, 972 F.

4

Supp. 236, 239 (S.D.N.Y. 1997) (finding a contract insufficiently definite when it was missing "essential terms as [to] the time or manner of performance"); *Glanzer v. Keilin & Bloom LLC*, 281 A.D.2d 371, 722 N.Y.S.2d 540, 541 (N.Y. App. Div. 2001) (finding that "the terms used to describe plaintiffs' rights under the alleged contract – 'substantial income,' 'market rate,' 'equity interest' -- [were] too indefinite to permit enforcement"); *see also, e.g., Alter v. Bogoricin*, No. 97 Civ. 0662 (MBM), 1997 U.S. Dist. LEXIS 17369, 1997 WL 691332, at *10 (S.D.N.Y. Nov. 6, 1997); *Joseph Martin, Jr. Delicatessen, Inc. v. Schumacher*, 52 N.Y.2d 105, 109-10, 417 N.E.2d 541, 436 N.Y.S.2d 247 (N.Y. 1981); *Rosenbaum v. Premier Sydell, Ltd*., 240 A.D.2d 556, 659 N.Y.S.2d 52, 53 (N.Y. App. Div. 1997).

Here, the DRA lacks essential, material terms which are necessary for any agreement to arbitrate, including the location of the arbitration, the arbitral forum, the arbitrator or neutral to be selected, the rules of arbitration (*i.e.,* comprehensive, streamlined, class, consumer, etc.) which will apply, and the applicable choice of law.  See Fredericks Declaration, Exhibit B [ECF No. 9-7].  Rather than form an enforceable agreement to arbitrate, the DRA provides that the parties will attempt to negotiate a mutually agreeable arbitrator, but says nothing whatsoever with respect to the forum, the applicable rules of arbitration and choice of law.  The DRA provides, "[t]he Arbitrator shall be selected by mutual agreement of the Company and the Employee" and that "if for any reason the parties cannot agree to an Arbitrator, either party may apply to a court" for appointment.  *Id*.  Importantly, the DRA does not require the parties to agree on an arbitrator or move the court to appoint one – it simply suggests they may do so in the future.  At best, with respect to selection of the arbitrator, the DRA is a  "mere agreement to agree, in which a material term [the arbitrator] is left for future negotiations, [and] is unenforceable." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc*., 487 F.3d 89, 95 (2d Cir.

2007) (quoting *Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher,* 52 N.Y.2d 105, 109, 417

N.E.2d 541, 436 N.Y.S.2d 247 (1981)) (internal quotation marks omitted).

Other material items – the arbitral forum, the location, the applicable rules and choice of

law – are also missing from the DRA.  What is more, there is no procedure identified in the DRA

to arrive at an agreement with respect to these critical, material terms.  "Under these

circumstances, the court cannot, under the guise of interpretation, write a new contract for the

parties or supply the missing terms." *Mellen*, 823 N.Y.S.2d at 99.   Because several material

terms critical to any arbitration are missing from the DRA, and there is no mechanism set forth

within the DRA for determining the majority of these terms, Defendant cannot meet its burden of

showing the parties' mutual intent to arbitrate.

In *Dynamic Int'l Airways, LLC v. Air India Ltd.*, No. 15-cv-7054 (PKC), 2016 U.S. Dist.

LEXIS 89161, at *16-18 (S.D.N.Y. July 8, 2016), this Court was presented with cross motions to

compel arbitration pursuant to two separate documents.  The Court denied the motion to compel

arbitration pursuant to a letter agreement where "the parties left out at least three terms critical to

any arbitration:  the location, forum and rules of the arbitration."  *Id*., at *16-18.  The Court held

that  "instead of agreeing to those terms upfront, the Letter contemplates that the parties would

negotiate those terms in the future" and that  "[u]nder New York law, '[a] contract is incomplete

and unenforceable when, as to some essential term, there has been no agreement but only an

agreement to agree in the future.'" *Id*., at *18, citing *May Metro. Corp. v. May Oil Burner Corp.,*

290 N.Y. 260, 264 (1943).  The Court in *Dynamic Int'l Airways* held that an objective

assessment of the parties' intent regarding the Letter is that they entered "'an agreement to agree'

in the future to a mutually acceptable arbitration arrangement.  Such a document is best

understood as a 'preliminary agreement,' which is generally not binding and enforceable on the

6

parties." *Id*., citing *Adjustrite Sys., Inc.,* 145 F.3d 543, 548 (2d Cir. 1998).  Thus, the "absence of any agreement as to the location, forum, or rules of arbitration cuts more persuasively against finding the requisite intent [to arbitrate]. Without those critical terms, it cannot be said that the parties 'reached complete agreement on all of the issues that require negotiation." *Id.,* at **19-20, citing *Arcadian Phosphates, Inc. v Arcadian Corp*, 884 F.2d 69, 72 (2d Cir. 1989); *see Oilex A.G. v. Mitsui & Co. (U.S.A.),* 669 F. Supp. 85, 87 (S.D.N.Y. 1987) (denying motion to compel arbitration because "[t]he exchange of documents leaves it unclear . . . whether [the parties] agreed on governing law and place of arbitration").

As in *Dynamic Int'l Airways,* the absence of material terms here concerning the arbitrator, the location, forum, rules of arbitration, and choice of law, defeats a finding of the parties' requisite intent to arbitrate.  While the DRA contemplates the parties will negotiate a mutually agreeable arbitrator in the future, it provides no mechanism for determining the forum, location, applicable rules of arbitration and choice of law.  Because the DRA is insufficiently definite with respect to several material terms that are critical to any arbitration, Defendant's motion to compel arbitration must be denied.

**C.  Plaintiff Did Not Knowingly and Voluntarily Waive Her Right To A Jury Trial**

In addition to being insufficiently definite with respect to several material terms, the DRA purports to waive Plaintiff's right to a trial by jury without her sufficient knowledge or intent.  Because Defendant cannot show that Plaintiff knowingly and voluntarily waived this fundamental right, the motion to compel arbitration must be denied for this independent reason.

**1.  Standards Governing The Seventh Amendment Right to a Jury Trial**

"When asserted in federal court, the right to a jury trial is governed by federal law." *Merrill Lynch & Co. v. Allegheny Energy, Inc*., 500 F.3d 171, 188 (2d Cir. 2007) (citations

omitted); *Allied Irish Banks, p.l.c. v. Bank of Am., N.A.*, 875 F. Supp. 2d 352, 355 (S.D.N.Y. 2012). "The Seventh Amendment right to a jury is fundamental, and there is a presumption against its waiver." *Morgan Guar. Trust Co. of N.Y. v. Crane*, 36 F. Supp. 2d 602, 603 (S.D.N.Y. 1999) (citing *National Equip., Rental, Ltd. v. Hendrix,* 565 F.2d 255, 258 (2d Cir. 1977)); *see also Allegheny Energy*, 500 F.3d at 188.  Although the parties to a contract may knowingly and voluntarily waive the right to a jury trial, "[c]ontract provisions waiving the right are narrowly construed, and the requirement of knowing, voluntary, intentional waiver is strictly applied." *Morgan*, 36 F. Supp. 2d at 603 (citations omitted); *accord Price v. Cushman & Wakefield, Inc*., 808 F. Supp. 2d 670, 705 (S.D.N.Y. 2011); *Urban Outfitters, Inc. v. 166 Enter. Corp*., 136 F. Supp. 2d 273, 275 (S.D.N.Y. 2001).

Courts consider four factors in determining whether a contractual waiver of the right to a jury trial was knowing and voluntary: "1) the negotiability of contract terms and negotiations between the parties concerning the waiver provision; 2) the conspicuousness of the waiver provision in the contract; 3) the relative bargaining power of the parties; and 4) the business acumen of the party opposing the waiver." *Morgan*, 36 F. Supp. 2d at 603-04 (citation omitted); *accord Allied Irish Banks*, 875 F. Supp. 2d at 355-56; *Price,* 808 F. Supp. 2d at 705. "The burden of proving that a waiver was knowing and intentional rests with the party attempting to enforce the purported waiver." *Price*, 808 F. Supp. 2d at 705 (quoting *Sullivan v. Ajax Navigation Corp*., 881 F. Supp. 906, 910 (S.D.N.Y. 1995)); *accord Allied Irish Banks*, 875 F. Supp. 2d at 355-56 (quoting *Lehman Bros. Holdings Inc. v. Bethany Holdings Grp., LLC,* 801 F. Supp. 2d 224, 229 (S.D.N.Y. 2011)).

### 2.      Each Factor Weighs In Favor Of Finding Plaintiff Did Not Knowingly and Intentionally Relinquish Her Right To A Trial By Jury

Here, items one, three and four are readily and inarguably satisfied.  With respect to item one, the DRA was presented to Plaintiff on a take it or leave it basis with no negotiation whatsoever.  The DRA states, "Your agreement to resolve claims under the Agreement is a condition of your employment.  This means that by working at Securitas or continuing to work at Securitas you and Securitas agree that the Agreement will apply to all covered legal claims between you and the Company as specified below."  See Fredericks Declaration, Exhibit B, ¶ 1 [ECF No. 9-7].  The DRA further states, "[t]he Agreement applies to your employment whether or not you sign the acknowledgement." *Id*.  The DRA, moreover, does not provide an opportunity for Plaintiff to opt-out of arbitration.  *Id.*

With respect to items three and four, there is no question that the business acumen and relative bargaining power of Securitas, a global corporation with more than 300,000 employees and 150,000 clients operating across 48 markets (Complaint ¶ 11), greatly outweighs that of Plaintiff, an individual employed by Securitas as a security guard. *Id*., ¶ 10.

The remaining factor, the conspicuousness of the jury waiver provision, also weighs in favor of finding Plaintiff did not knowingly and intentionally relinquish her constitutional right to a jury trial.  In *Sherrod v. Time Warner Cable, Inc.*, No. 14-CV-1471 (JLC), 2014 U.S. Dist. LEXIS 163393 (S.D.N.Y. Nov. 21, 2014), this Court held that the jury waiver was not sufficiently conspicuous and denied defendant's motion to compel arbitration.  In *Sherrod*, the plaintiff opposing arbitration was an individual consumer and the arbitration agreement was drafted by a large corporation and presented on a take it or leave it basis without negotiations. *Sherrod,* 2014 U.S. Dist. LEXIS 163393 at *3 (S.D.N.Y. Nov. 21, 2014).  With respect to the remaining factor of conspicuousness, this Court held that the jury waiver provision in the arbitration clause was not sufficiently conspicuous because "the jury waiver is not a stand-alone

9

paragraph with its own prominent caption." *Id.*, at \*4.  For contrast and comparison, this Court

referenced *RREF RB-AL SLDL, LLC v. Saxon Land Dev., LLC,* No. 2:11-CV-925 (MEF), 2012

U.S. Dist. LEXIS 54701, 2012 WL 1366720, at \*2 (M.D. Ala. Apr. 19, 2012), in which the jury

waiver clause was found to be sufficiently conspicuous because it was in separate paragraph

from the other contract provisions and prefaced with a caption in all-caps and bold type, stating:

"**JURY WAIVER [or WAIVE JURY].**"  *Sherrod,* 2014 U.S. Dist. LEXIS 163393, at \*10

(S.D.N.Y. Nov. 21, 2014).

      Here, as in *Sherrod*, the DRA fails to inform Plaintiff in plain English and bold set type

that she is waiving her Seventh Amendment right to a trial by jury.  See Frederick Declaration

Exhibit B [ECF No. 9-7].  Instead, the only reference to a jury trial is in un-bold, plain font in the

middle of a paragraph entitled "How this Agreement Applies"- a generic caption that does not

address or alert the reader to jury waiver.  There is one single sentence therein providing, "all

such disputes to be resolved only by an Arbitrator though final binding arbitration and not by

way of court or jury trial."  *Id*. The jury waiver provision is not sufficiently conspicuous because

it is not, *inter alia*, a stand-alone paragraph with its own prominent caption which clearly alerts

the reader to waiver of this fundamental right.  See *Nat'l Equip. Rental, Ltd. v. Hendrix*, 565 F.2d

255, 258 (2d Cir. 1977)  (jury waiver was not knowing and intentional where, *inter alia*, the

"waiver clause was set deeply and inconspicuously in the contract.").

      In contrast, the Class Action Waiver provision in the DRA is contained in its own

separate paragraph captioned in bold,  "**7.  Class Action Waiver**", the first sentence of which

reads in bold, "**There will be no right or authority under this Agreement for any dispute to

be brought, heard or arbitrated as a class or collective action ("Class Action Waiver")**.  See

Fredericks Declaration, Exhibit B [ECF No. 9-7].

Similarly, the Private Attorney General Waiver in the DRA is contained in its own separate paragraph captioned in bold, "**8.  Private Attorney General Waiver**", the first sentence of which reads in bold, "**There will be no right or authority for any dispute to be brought, heard of arbitrated as a private attorney general action ("Private Attorney General Waiver.).**  See Fredericks Declaration, Exhibit B [ECF No. 9-7].

The waiver of the Seventh Amendment right to a jury trial should be as conspicuous, if not more so, than the Class Action Waiver and Private Attorney General Waiver provisions. Instead, it is barely noticeable in the DRA and less than clearly stated because the key word "waiver" is absent.  Because each of the four factors weigh strongly in favor of finding Plaintiff did not knowingly and voluntarily waive her right to a trial by jury, Defendant's motion to compel arbitration should be denied for this separate reason.

**D.  <u>The Order Compelling Arbitration In *Daniels v. Securitas* Has Been Vacated</u>**

Defendant argues that although not binding on this Court, that the decision in *Daniels v. Securitas Sec. Servs. USA, Inc.,* 2019 U.S. Dist LEXIS 169670 (C.D.D.A. April 5, 2019) is persuasive because the Central District of California compelled arbitration pursuant to the same DRA.  This decision, however, has been vacated and is otherwise inapplicable.

First, the *Daniels* plaintiff did not argue, as Plaintiff here argues, that the DRA was insufficiently definite under New York law to form a binding and enforceable contract.  Second, the *Daniels* plaintiff did not argue, as Plaintiff here argues, that the jury waiver was not knowing and intentional.  Rather, the *Daniels* plaintiff argued that she did not have the opportunity to read the DRA and that the DRA was presented on a take it or leave it basis as a condition for Plaintiff to keep her job, and thus, was unconscionable.  *Daniels v. Securitas Sec. Servs. USA, Inc*., 2019

U.S. Dist LEXIS 169670, at **10-11.  The Central District of California rejected these arguments, which are entirely distinct from Plaintiff's arguments here, and compelled arbitration.

Third, and most significantly, the Central District of California has since vacated its order compelling arbitration in *Daniels* and lifted the stay of the proceedings.  The Central District of California held that Securitas failed to pay the filing fee required to commence arbitration, materially breached the DRA and waived its right to compel arbitration, and as a result, "Plaintiff is therefore authorized to withdraw her claims from arbitration and instead litigate them in this Court."  *Daniels v. Securitas Sec. Servs.*, 2021 U.S. Dist, LEXIS 109388, at **5-6 (C.D.C.A. May 27, 2021).

## IV.   <u>CONCLUSION</u>

For the reasons set forth herein, Defendant's motion to compel arbitration must be denied in its entirety.  Because Plaintiff has demonstrated good faith arguments grounded in New York and federal law in opposition to Defendant's motion to compel arbitration, Defendant's motion for sanctions and costs under 28 U.S.C. §1927 also must be denied.

Dated:      New York, New York
            March 1, 2022

GISKAN SOLOTAROFF & ANDERSON LLP

By:    */s/ Catherine E. Anderson*
       Catherine E. Anderson
       90 Broad Street, 2nd Floor
       New York NY 10004
       Telephone: (646) 964-9641
       canderson@gslawny.com

       *ATTORNEYS FOR PLAINTIFF*